702 So.2d 548 (1997)
Joseph H. GASSNER, Appellant,
v.
BECHTEL CONSTRUCTION and Industrial Indemnity, Appellees.
No. 96-2006.
District Court of Appeal of Florida, First District.
November 10, 1997.
Rehearing Denied December 16, 1997.
*549 Louis P. Pfeffer of Adams, Coogler, Watson & Merkel, West Palm Beach; Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for Appellant.
Jack A. Weiss and Esther Zapata Ruderman of Conroy, Simberg & Ganon, P.A., West Palm Beach, for Appellees.
BENTON, Judge.
In the order under review, the judge of compensation claims determined that she lacked jurisdiction, by virtue of a collective bargaining agreement "in conformity with the dictates of section 440.211, Florida Statutes ([Supp.] 1994) for industrial accidents... accepted as compensable," to act on a petition for benefits seeking workers' compensation benefits, including payment of medical and pharmaceutical bills and an award of attorney's fees and costs. We affirm.
Having accepted as compensable the industrial accident that befell Joseph Gassner on March 10, 1995, Bechtel Construction, Inc. (Bechtel), his employer, and Industrial Indemnity, *550 its workers' compensation insurance carrier, moved to dismiss the petition for benefits Mr. Gassner had filed with the Division of Workers' Compensation of the Department of Labor and Employment Security, which was then pending before a judge of compensation claims.[1] As grounds for dismissal, they contended that Mr. Gassner's exclusive remedy was to seek any benefits he had not already been furnished by pursuing them in accordance with procedures a collective bargaining agreement had established.
Bechtel reached the collective bargaining agreement in question (a copy of which had been filed[2] with the Division of Workers' Compensation of the Department of Labor and Employment Security) with, among others, the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, Pipefitters Local No. 630. The entire agreement concerned workers' compensation benefits. Article IV ("Dispute Prevention and Resolution") established alternative dispute resolution procedures:
a) The dispute prevention and resolution program will consist of three components:
Ombudsman
Mediation
Arbitration
b) This program shall be used in place of and to the exclusion of the mediation, pretrial and hearing and review processes contained in Sections 440.25 and 440.271 of the Florida Statutes. Any claim subject to this Agreement brought to the Division of Workers' Compensation for resolution will immediately be removed from the Division and placed within the program established by this Agreement.
c) The Ombudsman will be a BCC [Bechtel] employee selected and paid by BCC. The mediator and the arbitrator will be selected through negotiation among the parties to this Agreement. The cost of mediation and arbitration services will [be] paid by BCC.
d) An employee covered by this Agreement who believes that he is not receiving workers' compensation benefits to which he is entitled, including medical and hospital services, shall notify the Ombudsman. If the issue cannot be resolved to the satisfaction of the employee within five working days, the employee may apply for mediation on the form attached to this Agreement, which shall be filed with the mediator. The parties may extend the five day period by mutual agreement. No issue will proceed to mediation without first being presented to the Ombudsman. The response of the Ombudsman to the employee shall be explained in terms which are readily understandable by the employee. BCC will maintain a log recording all Ombudsman activity, including the date of each notification and the date of each response.
e) Application for mediation shall be made not more than 60 days after the Ombudsman has responded to the employee's notification. Any application for mediation shall immediately be assigned to the mediator selected under this Agreement. The mediator will contact the parties to the dispute, including BCC's insurance carrier and take whatever steps the mediator deems reasonable to bring the dispute to an agreed conclusion.
f) Mediation shall be completed in not more than 14 calendar days from the date of referral, except that in no event shall an issue be permitted to proceed beyond mediation until and unless the moving party cooperates with the mediator and the mediation process.
g) Within 30 calendar days after the completion of the mediation process, any party *551 not satisfied with the outcome may file with the mediator a request that the matter be referred for arbitration. Upon receipt of such a request, the mediator shall immediately refer the matter to the arbitrator agreed to by the parties to this Agreement for arbitration. The arbitration date will be set with sufficient advance notice to permit the parties to retain and or/consult [sic] with legal counsel.
h) Arbitration will be conducted pursuant to the rules of the American Arbitration Association, using the arbitrator agreed to by the parties to this Agreement. Unless the parties to the matter otherwise agree, arbitration proceedings shall be completed within 30 days after referral, and an arbitration decision rendered within 10 days of the completion of the proceedings.
i) No written or oral offer, finding or recommendation made during the mediation process by any party or mediator shall be admissible in the arbitration proceedings except by mutual agreement of the parties.
j) The mediator or arbitrator may in his sole discretion appoint an authorized provider to assist in the resolution of any medical issue, the cost to be paid by BCC.
k) Neither party will be permitted to be represented by legal counsel at mediation. All communication between the mediator and the parties shall be directly with the parties, and not through legal counsel.
l) Claimants' attorneys' fees shall be paid in the same amounts and in the same manner as provided for in Section 440.34 of the Florida Statutes, subject to the approval of either the arbitrator or a judge of industrial claims.
m) Arbitration shall be subject to the provisions of Chapter 682 of the Florida Statutes, the Florida Arbitration Code. The decision and award of the Arbitrator shall be final, except as provided for in Chapter 682.
In a general savings clause apparently intended to assure equivalent benefits in all cases, the collective bargaining agreement also provided:
In any instance of conflict, the provisions of this Agreement shall take precedence over provisions of the Law, so far as permitted by the provisions of Section 440.211 of Chapter 440 of the Florida Statutes.
A member of a local union in Texas (No. 2111), which is also an affiliate of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, Mr. Gassner was subject to this collective bargaining agreement by virtue of his status as a traveling member of the union, his travel card having been deposited with Pipefitters Local No. 630. No party contends otherwise.
The collective bargaining agreement states its intention to create a comprehensive alternative dispute resolution system to displace "pretrial and hearing and review processes contained in Sections 440.25 and 440.271 of the Florida Statutes," as contemplated by section 440.211, Florida Statutes (1995), which provides:
(1) Subject to the limitation stated in subsection (2), a provision that is mutually agreed upon in any collective bargaining agreement filed with the division between an individually self-insured employer or other employer upon consent of the employer's carrier and a recognized or certified exclusive bargaining representative establishing any of the following shall be valid and binding:
(a) An alternative dispute resolution system to supplement, modify, or replace the provisions of this chapter which may include, but is not limited to, conciliation, mediation, and arbitration. Arbitration held pursuant to this section shall be binding on the parties.
(b) The use of an agreed-upon list of certified health care providers of medical treatment which may be the exclusive source of all medical treatment under this chapter.
(c) The use of a limited list of physicians to conduct independent medical examinations which the parties may agree shall be the exclusive source of independent medical examiners pursuant to this chapter.
(d) A light-duty, modified-job, or return-to-work program.
(e) A vocational rehabilitation or retraining program.

*552 (2) Nothing in this section shall allow any agreement that diminishes an employee's entitlement to benefits as otherwise set forth in this chapter. Any such agreement in violation of this provision shall be null and void.
Mr. Gassner contends on appeal, as below, that section 440.211, Florida Statutes (1995), does not defeat the jurisdiction of the judge of compensation claims because the collective bargaining agreement "diminishes an employee's entitlement to benefits." § 440.211(2), Fla. Stat. (1995).
The statute manifests a clear intention to curtail or displace the jurisdiction of the Division of Workers' Compensation and its judges of compensation claims, when collective bargaining agreements meet the statutory criteria. Absent such pro tanto contractions of the reach of chapter 440's procedural provisions, the Workers' Compensation Law applies in every detail, § 440.03, Fla. Stat. (1995), collective bargaining agreements notwithstanding. See Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 212, 105 S.Ct. 1904, 1912, 85 L.Ed.2d 206 (1985)(Federal labor law "does not grant the parties to a collective-bargaining agreement the ability to contract for what is illegal under state law.").
Mr. Gassner argues that the collective bargaining agreement between Bechtel and the pipefitters' union diminishes benefits chapter 440 confers on injured workers because:
1. The agreement does not allow either party to be represented by legal counsel during mediation.
2. The agreement does not afford the employee the right to be treated by any certified health provider the employee chooses, but provides instead that only health care providers on a list selected by the union and the employer may treat the employee.
3. The agreement creates procedural requirements for the receipt of benefits that chapter 440 does not impose.
4. The agreement limits each claimant to a single second opinion on any issue, purportedly in contrast to section 440.13(5), which is said to allow each claimant an independent medical evaluation by a practitioner in each medical discipline pertinent to his condition.
5. The agreement does not allow for a hearing before an impartial tribunal, inasmuch as the ombudsman, mediator, and arbitrator are all paid by the employer.
6. The agreement shortens the statute of limitations by requiring that a claimant file an application for mediation within sixty days of receiving an unfavorable ombudsman's response, then file for arbitration within thirty days of the unsuccessful end of mediation.
7. The agreement limits rights to take an appeal of a final arbitration order to those allowed by section 682.20, Florida Statutes (1985), while no such limits apply to appeals from final orders of judges of compensation claims.
8. The agreement precludes any opportunity to modify the final award of an arbitrator, while section 440.28, Florida Statutes, contemplates modifying final awards of judges of compensation claims in appropriate cases.
This list of what purport to be diminished benefits reveals significant confusion about the distinction section 440.211 draws between benefits and (alternative) procedures.
By definition, at least some of the procedures in a workers' compensation alternative dispute resolution system must differ from the dispute resolution procedures set out in chapter 440, Florida Statutes (1995). Identical procedures do not constitute an alternative. When, as section 440.211 contemplates, a collective bargaining agreement establishes an alternative dispute resolution system, new means and methods are brought into existence to deliver the same[3] statutory benefits. These procedural differences do not run afoul of section 440.211(2), Florida Statutes (1995). If, as appellant argues, the agreement creates procedural requirements for the receipt of benefits that chapter 440 *553 does not impose, the agreement also creates procedural opportunities for the provision of benefits that chapter 440 does not afford.[4] As long as the benefits themselves are undiminished, the requirements of section 440.211, Florida Statutes (1995), are met.
Not every alternative dispute resolution system established by a collective bargaining agreement will by operation of the statute oust the jurisdiction of judges of compensation claims altogether. Mr. Gassner argues that the agreement at issue here pertains to medical benefits only. While we reject this argumentwe approve the determination of the judge of compensation claims that this agreement covers attorney's fees disputesit is clear that the purview of some alternative dispute resolution systems may be limited by design to discrete problems, including those listed in section 440.211(1)(b)-(e), Florida Statutes (1995).
To the extent a collective bargaining agreement's intent to displace the jurisdiction of judges of compensation claims entirely falls short in some particular, the result may be an alternative dispute resolution system that supplements, modifies or replaces only a portion of the provisions of chapter 440 that would otherwise be applicable, and defeats only a portion of the jurisdiction of the judges of compensation claims. The statute contemplates a range of possible "alternative dispute resolution system[s] to supplement, modify, or replace" provisions of chapter 440 that would otherwise be applicable.[5]
Before turning to the many and varied arguments appellant advances in support of jurisdiction in the judge of compensation claims, we stop to consider just what Mr. Gassner's petition for benefits still sought at the time the judge of compensation claims dismissed the petition: By then Bechtel had furnished all medical and indemnity benefits that had been requested, even though mediation never took place because Mr. Gassner refused to participate in mediation without counsel present. The only relief not obtained was an award of costs and an attorney's fee for Mr. Gassner's lawyer. The petition for benefits had predicated a claim for costs and an employer-paid attorney's fee on section 440.34, Florida Statutes (1995), subsection (3)(c) of which authorizes such awards in proceedings "in which a[n] ... employer denies that an injury occurred for which compensation benefits are payable, and the claimant prevails on the issue of compensability."
Asserting the right to litigate attorney's fee and costs questions before a judge of compensation claims, appellant poses numerous hypothetical questions that bear no resemblance to any question that actually arose in the course of proceedings below. These questions include hypotheticals pertaining to the statute of limitations, even though the ombudsman's assistance was requested well before the two-year statutory period had run; and questions concerning modifications of awards, and appellate review of awards, even though no award was ever entered. Nor are questions pertaining to health care providers' certification germane to the attorney's fee and costs questions that were pending before the judge of compensation claims at the time she entered the order under review.
The judge of compensation claims viewed the jurisdictional issue correctly in considering only the narrow question whether the collective bargaining agreement supplanted provisions of chapter 440 that would otherwise apply to this particular case, in the *554 posture she found the case when the jurisdictional determination had to be made. The copy of the collective bargaining agreement in evidence is not without ambiguity on the question whether disputes about attorney's fees must be resolved in accordance with alternative dispute resolution procedures. The judge of compensation claims received testimony on this point concerning an alleged scrivener's error and a corrective amendment to the original collective bargaining agreement purportedly in force at the time of the hearing. We are unwilling to disturb her determination that the alternative dispute resolution system the agreement established was intended to supplant sections 440.25 and 440.271, Florida Statutes (1995), whenever litigation would otherwise be required to establish entitlement to or the amount of an attorney's fee that it is alleged an employer is required to pay an employee's attorney. We also approve the parallel ruling as to costs implicit in the order dismissing the petition for benefits for lack of jurisdiction.
Finally, appellant contends that section 440.211, Florida Statutes (1995), is unconstitutional to the extent it allows the collective bargaining agreement to establish an alternative dispute resolution system that diminishes procedural protections chapter 440 would otherwise afford a claimant. A great many such diminutions are alleged, including some that pertain to resolving disputes concerning attorney's fees. Denial of equal protection, deprivation of due process and of the right to counsel, in violation of both state and federal constitutions, are all claimed. Mr. Gassner also argues that the failure of the judge of compensation claims to assume jurisdiction denied him access to court, in violation of article I, section 21 of the Florida Constitution.
All of these arguments overlook the fact that the collective bargaining agreement between Bechtel and Mr. Gassner's union does not constitute state action. See generally Kintzele v. J.B. & Sons, Inc., 658 So.2d 130, 132 (Fla. 1st DCA 1995)("The parties themselves confer jurisdiction in arbitration proceedings by the agreements they make."). Appellant's contentions unfairly lay at the feet of the Legislature what is in fact the product of the collective bargaining process.
As a practical matter, it is not immediately apparent why the union's collective bargaining agents would be less solicitous of union members' interests than the Legislature, whose members' constituents also include voters aligned with management. As a matter of constitutional law, permitting private parties to establish dispute resolution procedures by contract violates no provision of the Florida Constitution, and is not the sort of state action to which the Fourteenth Amendment speaks.
The order granting Bechtel's motion to dismiss can be viewed as enforcing the collective bargaining agreement. State tribunals have concurrent jurisdiction under the National Labor Relations Act for that purpose. See Charles Dowd Box Co. v. Courtney, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962). Even viewing state administrative enforcement of a collective bargaining agreement as a species of state regulation, however, "[t]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment." Jackson v. Metropolitan Edison Co., 419 U.S. 345, 350, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974).
The complaining party must also show that "there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." [Jackson v. Metropolitan Edison Co.], at 351, 95 S.Ct., at 453. The purpose of this requirement is to assure that constitutional standards are invoked only when it can be said that the State is responsible for the specific conduct of which the plaintiff complains. The importance of this assurance is evident when, as in this case, the complaining party seeks to hold the State liable for the actions of private parties.
Blum v. Yaretsky, 457 U.S. 991, 1004, 102 S.Ct. 2777, 2786, 73 L.Ed.2d 534 (1982). Since the collective bargaining agreement "does not involve state action, this case does not present an alleged violation of the Equal *555 Protection [or any other] Clause of the Fourteenth Amendment." United Steelworkers v. Weber, 443 U.S. 193, 200, 99 S.Ct. 2721, 2726, 61 L.Ed.2d 480 (1979). Nor does the parties' collective bargaining agreement or its enforcement in these circumstances offend the Florida Constitution.
Affirmed.
ERVIN and KAHN, JJ., concur.
NOTES
[1] The Division forwarded the petition to a docketing judge, who forwarded it to the judge of compensation claims before whom it was pending. This procedure is at variance with the procedure prescribed by the collective bargaining agreement on file with the Division, specifically Article IV(b)("Any claim subject to this Agreement brought to the Division of Workers' Compensation for resolution will immediately be removed from the Division and placed within the program established by this Agreement.").
[2] In his reply brief, appellant concedes "competent substantial evidence to support the JCC's finding that the CBA agreement was properly signed and filed," abandoning a contrary claim advanced in the initial brief.
[3] Section 440.211, Florida Statutes (1995), does not preclude employers' agreeing to increased benefits for injured workers. See, e.g., Tampa Bay Area NFL Football, Inc. v. Jarvis, 668 So.2d 217 (Fla. 1st DCA 1996).
[4] To the extent attorney's fees questions are relegated to alternative dispute resolution procedures in which judges of compensation play no part, the requirement in section 440.34, Florida Statutes (1995), that judges of compensation claims award all fees is necessarily obviated.
[5] Read literally in isolation, section 440.211(2), Florida Statutes (1995), seems to declare certain collective bargaining agreements null and void. We reject such a construction. In construing the statute as a whole as defining jurisdictional limits for judges of compensation claims and defining the sphere within which alternative dispute resolution procedures operate, we obviate the need to address any Supremacy Clause question to which section 440.211, Florida Statutes (1995), considered in conjunction with the National Labor Relations Act, might otherwise give rise. See generally Local 174, Teamsters v. Lucas Flour Co., 369 U.S. 95, 102, 82 S.Ct. 571, 576, 7 L.Ed.2d 593 (1962); Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957).