REYES, ISRAEL U., Associate Judge.
For the reasons stated below, we affirm the judgment, but reverse and remand only for the trial court to modify the judgment to reflect the proper parties. In January of 1997, the Law Offices of Brian J. Glick, P.A. (Glick, P.A.), a professional association, and Richard E. Retamar, P.A. (Retamar, P.A.), another professional association, entered into a partnership agreement. The partnership lasted until January, 2002, when it was dissolved by the two partners (the two professional associations). When Glick, P.A. and Retamar, P.A. could not agree upon an acceptable division of the assets and debts, Retamar, P.A.’s attorney sent a letter to Glick, P.A. demanding arbitration pursuant to the partnership agreement.
At the conclusion of the arbitration hearing, and after additional legal proceedings, the arbitrator entered an order later confirmed by the trial court. The arbitrator ruled that there was no novation of the agreement as a result of the partners’ subsequent actions and that the parties were, therefore, subject to their agreement and section 620.8807, Florida Statutes (2004), of the Florida Revised Uniform Partnership Act. The final award names the two attorneys in their individual capacities and dissolves the partnership of the professional associations.
Timely appeal was taken of the “Order on Glick’s Renewed or Amended Application to Modify or Correct Arbitration Award Pursuant to Section 682.14 or Alternatively to Vacate the Award Pursuant to F.S. Section 682.13.” Final judgment was entered on July 6, 2005.
A very high degree of conclusiveness attaches to an arbitration award. Commc’ns Workers of Am. v. Indian River County Sch. Bd., 888 So.2d 96, 99-100 (Fla. 4th DCA 2004). The reason for this is that the parties have by agreement substituted a tribunal of their own choosing for the one provided and established by law. Id.; see also Kintzele v. J.B. & Sons, Inc., 658 So.2d 130, 134 (Fla. 1st DCA 1995). Because of the very broad discretion afforded arbitrators and the very narrow standard of review of arbitration awards, the judgment is affirmed. Commc’ns Workers of Am., 888 So.2d. at 99. An arbitration award cannot be set aside for a mere error of judgment unless there was misconduct on the part of the arbitrator and the arbitrator exceeded the scope of his authority. Id. Here, there was no misconduct on the part of the arbitrator and the arbitrator did not exceed the scope of his authority. Therefore, the award is final and conclusive. Id.
However, the final judgment is incorrect because it identifies the parties as Richard E. Retamar, Esq., and Brian J. Glick, Esq. The partnership agreement was between Glick, P.A., and Retamar, P.A., not the individual attorneys. Thus, the real parties in interest are the two professional associations; therefore, we remand this cause for the trial court to modify the final judgment to reflect that the final award pertains to the two professional associations. In all other respects, the judgment is affirmed.

Affirmed in part, Reversed in part, and Remanded with Directions.

STONE and KLEIN, JJ„ concur.