# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-0300
_____

RICHARD SAPP,

    Appellant,

    v.

SIMS CRANE & EQUIPMENT
CO./BRIDGEFIELD CASUALTY
INSURANCE CO.,

    Appellees.

_____

On appeal from the Office of the Judges of Compensation Claims.
Brian J. Anthony, Judge.

Date of Accident: October 29, 2020.

May 7, 2025

PER CURIAM.

This workers' compensation appeal involves a Negotiated Workers' Compensation Insurance Program (NWCIP), a form of collective bargaining agreement (CBA) that divests Judges of Compensation Claims (JCC) of jurisdiction. Although the Employer/Carrier (E/C) initiated proceedings before the JCC, it later moved to dismiss for lack of jurisdiction, and the JCC granted that motion. We affirm.

The NWCIP at issue is a CBA created pursuant to section 440.211 of the Florida Statutes, which provides as follows:

> (1) . . . [A] provision that is mutually agreed upon in any collective bargaining agreement between an individually self-insured employer or other employer upon consent of the employer's carrier and a recognized or certified exclusive bargaining representative establishing any of the following shall be valid and binding:
>
> (a) An alternative dispute resolution system to supplement, modify, or replace the provisions of this chapter which may include, but is not limited to, conciliation, mediation, and arbitration. Arbitration held pursuant to this section shall be binding on the parties.
>
> (b) The use of an agreed-upon list of health care providers of medical treatment which may be the exclusive source of all medical treatment under this chapter.
>
> (c) The use of a limited list of physicians to conduct independent medical examinations which the parties may agree shall be the exclusive source of independent medical examiners pursuant to this chapter.
>
> (d) A light-duty, modified-job, or return-to-work program.
>
> (e) A vocational rehabilitation or retraining program.

§ 440.211(1) Fla. Stat. (2020).

The Office of the JCC is a statutory creation. § 440.45(1)(a), Fla. Stat. The Florida Constitution authorizes its existence and authority to exercise quasi-judicial power. Art. V, § 1, Fla. Const. ("[A]dministrative officers or bodies may be granted quasi-judicial power in matters connected with the functions of their offices."). Its operative powers derive from statute. *Bend v. Shamrock Servs.*, 59 So. 3d 153, 156 (Fla. 1st DCA 2011) (noting that a JCC "has

only those powers expressly provided by statute and, conversely, has no jurisdiction or authority beyond that which is specifically conferred by statute"). Accordingly, section 440.211 operates "to curtail or displace the jurisdiction of [the JCC] when [CBAs] meet the statutory criteria." *Gassner v. Bechtel Constr.*, 702 So. 2d 548, 552 (Fla. 1st DCA 1997). *See also Sims Crane & Equip. Co. v. Preciado*, 351 So. 3d 50, 54 (Fla. 1st DCA 2022) (citing *Gassner* and holding that the Office of the JCC was "an inappropriate forum which lacked jurisdiction" where a valid CBA existed).

Claimant admits a NWCIP exists here, but argues it does not govern, for two reasons. First, he argues that the parties did not mutually assent to the NWCIP. Second, he argues that the E/C waived its right to invoke the NWCIP for arbitration. We reject both arguments.

Claimant's argument about mutual assent to the NWCIP raised factual issues. The JCC took evidence on this question and resolved issues of witness credibility, documentation, and contractual interpretation. We must uphold the JCC's factual conclusion if competent, substantial evidence supports it. *Andrews v. McKim & Creed*, 355 So. 3d 957, 961 (Fla. 1st DCA 2023). JCCs always have a duty to determine the existence and scope of their jurisdiction, and the corresponding authority to carry out that duty. *See Gassner*, 702 So. 2d at 552. We find no reversible legal error or abuse of discretion in this process or the JCC's resolution of the issue.

Claimant's second argument, about waiver, likewise fails. Claimant argues that the E/C waived any right to invoke the NWCIP by initiating proceedings before the JCC to preserve evidence in the immediate aftermath of the industrial accident, before Claimant filed Petitions for Benefits (PFBs). It is true that the E/C did that. But the E/C then objected to Claimant's PFBs on the grounds that the NWCIP governed instead, and that it divested the JCC of jurisdiction.

The JCC correctly rejected the waiver argument. The logical effect of the argument would be that a party's conduct could confer jurisdiction on the JCC even though the law did not authorize such jurisdiction. To the contrary, JCCs always have jurisdiction (and

an obligation) to determine the existence and scope of their own jurisdiction. *See Gassner*, 702 So. 2d at 552. The JCC correctly noted that subject matter jurisdiction is never waivable. A party's conduct cannot eliminate that foundational prerequisite. *See Page v. Deutsche Bank Tr. Co.*, 308 So. 3d 953, 960 (Fla. 2020) ("Subject-matter jurisdiction is universally acknowledged to never be waivable."); *Sims Crane & Equip. Co. v. Preciado*, 351 So. 3d 50, 51 (Fla. 1st DCA 2022) (recognizing that the JCC's subject matter jurisdiction, or lack thereof, is not and cannot be dependent on the actions of parties).

AFFIRMED.

RAY, KELSEY, and WINOKUR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

L. Gray Sanders and Alexis Ercia of Barbas, Nunez, Sanders, Butler, & Hovsepian, Tampa, for Appellant.

H. George Kagan, Gulf Stream, for Appellees

4